UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

EMANUEL ARCHIBALD,

                            Debtor.

-------------------------------------------------------X

EMANUEL ARCHIBALD,

                            Appellant,

    v.

NATIONSTAR MORTGAGE LLC,

                            Appellee.

No. 23-CV-10462 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

       Emanuel Archibald ("Appellant"), proceeding pro se, filed a Notice of Appeal from an Order of the United States Bankruptcy Court for the Southern District of New York on November 30, 2023.  (*See* Dkt. No. 1.)  Because it had not received any further communication from Appellant since he filed his Notice of Appeal, the Court issued an Order on April 2, 2024, directing him to show cause, by no later than May 2, 2024, as to why this bankruptcy appeal should not be dismissed pursuant to the Federal Rules of Bankruptcy Procedure or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)").  (*See* Order to Show Cause 2 (Dkt. No. 4).)  However, as of the date of this Order, Appellant has still not filed anything on the docket or otherwise contacted the Court since he filed his Notice of Appeal.  (*See generally* Dkt.)

This Court has the authority to dismiss a case for failure to prosecute under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 41(b). Rule 41(b) provides that a case may be involuntarily dismissed if a plaintiff—or, as in this case, an appellant—"fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)); *accord Bradley v. Markel Serv., Inc.*, No. 22-CV-8928, 2023 WL 7624771, at *1 (S.D.N.Y. Nov. 14, 2023). Importantly, this Rule applies in the context of bankruptcy appeals as well. *See, e.g.*, *Fetman v. Aish Hatorah of N.Y. Inc.*, No. 17-CV-1247, 2018 WL 4288630, at *2 (E.D.N.Y. Sept. 7, 2018) (dismissing bankruptcy appeal for failure to prosecute where the appellants made no effort to comply with an order to show cause as to why the appeal should not be dismissed pursuant to Fed. R. Civ. P. 41(b)); *see also In re Manchanda*, No. 23-CV-11308, 2024 WL 1348793, at *2 (S.D.N.Y. Mar. 29, 2024) (same).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)); *accord George v. County of Westchester*, No. 20-CV-1723, 2023 WL 6466001, at *1 (S.D.N.Y. Oct. 3, 2023). The Second Circuit has further cautioned, "pro se [litigants] should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209 (italics omitted) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even

pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." *George*, 2023 WL 6466001, at *1 (quoting *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008)).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the [appellant's] failures, [2] whether [the appellant] had received notice that further delays would result in dismissal, [3] whether the [appellee] is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209); *accord Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam); *McCray v. Lee*, No. 16-CV-1730, 2023 WL 7112707, at *1–2 (S.D.N.Y. Oct. 27, 2023). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *see also Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994) (same).

Similar principles apply pursuant to the Federal Rules of Bankruptcy Procedure. Under Rule 8009(a), an appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented[] . . . within [fourteen] days after: (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or (ii) an order granting leave to appeal is entered." Fed. R. Bankr. P. 8009(a)(1). Rule 8003(a)(2) further authorizes a district court to "act as it considers appropriate, including dismissing the appeal," where an appellant "fail[s] to take any step other than the timely filing of a notice of appeal." Fed. R. Bankr. P. 8003(a)(2). "If an appellant fails
3

to file a [d]esignation and [s]tatement on time, he must demonstrate 'excusable neglect' to avoid dismissal of his appeal." *In re 199 E. 7th St. LLC*, No. 17-CV-545, 2017 WL 2226592, at *1 (S.D.N.Y. May 19, 2017) (emphasis added) (citing *Lynch v. United States (In re Lynch)*, 430 F.3d 600, 603 (2d Cir. 2005) (per curiam)). Relatedly, when "an appellant fails to file a brief on time or within an extended time authorized by the district court . . . , an appellee may move to dismiss the appeal—or the district court . . . , after notice, may dismiss the appeal on its own motion." Fed. R. Bankr. P. 8018(a)(4).[1] The Second Circuit has further explained that, when considering dismissal of a bankruptcy appeal for failure to make timely initial filings, district courts "should exercise discretion to determine whether dismissal is appropriate [under] the circumstances" of the case. *In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir. 1987) (citations omitted). In particular, courts in the Second Circuit generally consider the following when assessing excusable neglect:

> [(1)] the danger of prejudice to the debtor, [(2)] the length of the delay and its potential impact on judicial proceedings, [(3)] the reason for the delay, including whether it was within the reasonable control of the movant, and [(4)] whether the movant acted in good faith.

*In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005) (citing *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). The Second Circuit has further explained that courts should "focus[] on the third factor," i.e., "the reason for the delay, including whether it was within the reasonable control of the movant," and should take a "hard line" in applying this test, because "[t]he burden of proving excusable neglect lies with the late-claimant." *Id.* at 121–22 (citation omitted); *see also Veeraswamy v. Jones as Tr. of Estate of*

---

[1] The Court's Individual Rules of Practice also directs litigants to Rule 8018. *See* Individual Rules of Practice of the Honorable Kenneth M. Karas: VI. Bankruptcy Appeals ("Briefs must be submitted in accordance with Federal Rule of Bankruptcy Procedure 8018.").

*Veeraswamy*, No. 19-CV-2129, 2019 WL 6716714, at *1 (E.D.N.Y. Dec. 10, 2019) (dismissing a bankruptcy appeal for failure to file an opening brief); *In re 199 E. 7th St. LLC*, 2017 WL 2226592, at *2 (dismissing a bankruptcy appeal for failure to file a designation of record on appeal); *In re Residential Capital, LLC*, No. 16-CV-8549, 2016 WL 7477558, at *2 (S.D.N.Y. Dec. 28, 2016) (dismissing a bankruptcy appeal for failure to file an opening brief).

The Court concludes that, whether analyzed under Rules 8009(a), 8003(a)(2), and 8018(a)(1) of the Federal Rules of Bankruptcy Procedure, or under Rule 41(b), the above factors weigh in favor of dismissal of this appeal. With respect to the Federal Rules of Bankruptcy Procedure, Appellant has failed to file any designation of the items to be included in the record on appeal and a statement of the issues to be presented, which—under the applicable Rule—should have been filed by December 14, 2023. *See* Fed. R. Bankr. P. 8009(a)(1). (*See also* Dkt.) Appellant also has not filed his appellate brief, which the docket clearly indicates was due over four months ago, by January 2, 2014. (*See* Dkt. No. 3.) Further, he has offered no explanation whatsoever as to whether his neglect of this appeal is in any way excusable. *See In re 199 E. 7th St. LLC*, 2017 WL 2226592, at *1. Thus, dismissal of this appeal is proper under the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 8003(a)(2).

As to Rule 41(b), the applicable factors also weigh in favor of dismissal of this appeal. As an initial matter, Appellant has not communicated with the Court since November 30, 2023—over five months ago—when he filed his Notice of Appeal. (*See* Dkt. No. 1.) This delay is sufficient to warrant dismissal. *See Balderramo v. Go N.Y. Tours Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In [the Second] Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41."); *see also In re Manchanda*,

2024 WL 1348793, at *1 (finding the dismissal of a bankruptcy appeal to be warranted where "[t]hree months ha[d] passed since the notice of appeal was docketed . . . and [the a]ppellant ha[d] not filed a designation of the record or statement of issues").

Additionally, Appellant has failed to respond to the Court's April 2, 2024 Order directing that he show cause as to why this appeal should not be dismissed for failure to prosecute, (*see generally* Dkt.), which specifically warned that the Court could dismiss the case in the absence of a response from Appellant, (Order to Show Cause 2). *See In re Manchanda*, 2024 WL 1348793, at *1 (concluding that an appellant "demonstrated indifference and neglect of this case, if not intentional abandonment" where he failed to respond to an order to show cause). The Court also notes that "prejudice to Appellee may be presumed because Appellant's delay is inexcusable." *See In re Manchanda*, 2024 WL 1348793, at *2; *see also Sanango v. Ruby Nails Tarrytown, Inc.*, No. 20-CV-08245, 2023 WL 145521, at *2 (S.D.N.Y. Jan. 10, 2023) (determining that the plaintiff's delay was inexcusable where he failed to comply with the court's orders and did not advance his case).

Finally, the Court concludes that no sanction less than dismissal will alleviate the ongoing prejudice to Appellee of continuing to keep this Action alleging serious constitutional violations open. *See Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) ("[I]n light of [the plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case."); *see also Brow v. City of New York*, 391 F. App'x 935, 937 (2d Cir. 2010) (summary order) ("[P]laintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective."); *In re Manchanda*, 2024 WL 1348793, at *2 (finding that

"sanctions less draconian than dismissal would . . . be ineffective" where the appellant had "failed to comply with the [c]ourt's . . . order [to show cause] and ha[d] not indicated to the [c]ourt that he intend[ed] to pursue" his bankruptcy appeal); *Waters v. Camacho*, 288 F.R.D. 70, 71–72 (S.D.N.Y. 2013) ("The sanction of dismissal without prejudice . . . complies with the fifth [Rule 41(b)] factor, considering the efficacy of lesser sanctions."). Indeed, the Court emphasizes that it needs to avoid calendar congestion and, more importantly, to ensure an orderly and expeditious disposition of all cases before it. *Sanango*, 2023 WL 145521, at *2 ("[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner."). Thus, although "[t]he Court affords [Appellant] special consideration as a pro se litigant[,] . . . a [litigant's] pro se status should not explain or excuse disregard for or abandonment of his own lawsuit." *Hardimon*, 2014 WL 2039116, at *2 (italics omitted); *see also Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se [litigant] is not exempt from complying with court orders and must diligently prosecute his case").

Because Appellant has offered no excuse for his delay and failure to proceed—and for the other reasons set forth above—this appeal is dismissed without prejudice pursuant to the Federal Rules of Bankruptcy Procedure and independently for failure to prosecute under Rule 41(b). *See Koch v. Preuss*, No. 19-CV-2830, 2020 WL 1304084, at *3–4 (S.D.N.Y. Mar. 18, 2020) (dismissing a bankruptcy appeal where the appellant failed to follow the Federal Rules of Bankruptcy Procedure and independently failed to prosecute his appeal); *Veeraswamy*, 2019 WL 6716714, at *2 (dismissing a bankruptcy appeal for failure to timely file a brief) *see also Turk v. Rubbermaid Inc.*, No. 21-CV-270, 2022 WL 1228196, at *1 (S.D.N.Y. Apr. 26, 2022) (dismissing

7

case where the court had provided the plaintiffs with thirty days to file an amended complaint, but the plaintiffs failed to do so); *Herring v. Kiszke*, No. 20-CV-8765, 2021 WL 3887614, at *1 (S.D.N.Y. Aug. 31, 2021) (dismissing case for failure to prosecute where "[the] [p]laintiff . . . failed to comply with [the court's orders] and ha[d] not communicated with the [c]ourt" in four months); *In re 199 E. 7th St. LLC*, 2017 WL 2226592, at *2 (dismissing a bankruptcy appeal for failure to file a designation of record on appeal); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiff for nearly two months).

      The Clerk of Court is respectfully directed to mail a copy of this Order to Appellant's address, and to close this case.

SO ORDERED.

Dated:   May 9, 2024
           White Plains, New York

                                                         KENNETH M. KARAS
                                                         United States District Judge